# BALTIMORE COUNTY PUBLIC SCHOOLS
Joe A. Hairston, Superintendent        6901 Charles Street    Towson, MD • 21204-3711

July 17, 2006

I 8 2006

Michael E. Field, Esquire
Assistant County Attorney
Office of Law
400 Washington Avenue
Towson, Maryland 21204
VIA FACSIMILE AND FIRST CLASS MAIL

*Re: Your Maryland Public Information Act Request*

Dear Mr. Field:

Your July 5, 2006 letter to Dr. Joe A. Hairston, Superintendent of Schools, has been forwarded to me for response.

Your letter, which was received by this office on July 6, 2006, is being treated as a request for information subject to the Maryland Public Information Act, Md. Code Ann., State Gov't §§ 10-611 to 10-628, and Superintendent's Rule 2373. A copy of the rule is enclosed for your reference.

1.      "All records, documents and information of any kind received by the Board of Education and/or Baltimore County Public Schools from parents or legal guardians to prove verification of domicile."

You specify that you wish to inspect "all of those records received by BCPS which were submitted by the parents and/or guardians of BCPS students in order to comply with BCPS' Rule 5150, which provides a list of acceptable documents."

For reasons set forth herein, your request must be denied in part.

1.      *Unclear Scope.* Note that your request lacks specificity. You do not clarify for which year you seek information. As of September 30, 2005, the school system records indicate that 107,386 students were enrolled. Kindly specify whether your request encompasses all students enrolled as of September 30, 2005 or all currently enrolled students. This is not a denial of your request.

2.      *Access to Student/Education Records.* The Maryland Public Information Act requires that inspection of a public record be denied if "by law, the public record is privileged or confidential" or when "inspection would be contrary to . . . a federal statute or a regulation." Md. State Gov't Code Ann., §10-615 (2).

Michael E. Field, Esquire
Re:    Maryland Public Information Act Request
Page 2

Federal law and regulation define the scope of, and access to, student records. The Family Educational Rights and Privacy Act of 1974, ("FERPA"), 20 U.S.C. §1232g *et. seq.* limits access to education records. Further, 20 U.S.C. §1232g (a)(4)(B) defines an education record as those records, files, documents that "contain information directly related to the student and are *maintained by an educational agency* or institution or by a person acting for such agency or institution." (Emphasis supplied) An identical definition is found in the Code of Maryland Regulations. See, COMAR 13A.08.02.03C(1).[1]

State regulation incorporates by reference the *Maryland Student Records System Manual* (2005). COMAR 13A.0.02.01. The *Manual* specifies the records that must be maintained by each local education agency. The *Manual* indicates that "proof of residency" is a required student record data element. Specifically, the Manual's description of this data element states that "proof of residency is required to officially register/enroll a child. Proof of residency is established by the local jurisdiction procedure and may include deed, lease, utility bill, affidavit, etc." 2005 *Maryland Student Records System Manual*, at B-4. Because the *Manual* requires that residency information be "maintained" as a student record, such documents verifying residency would be considered education records under FERPA.

In addition to the defined scope of student records in state regulation, the federal courts and the Family Compliance Office have specifically rejected narrow interpretations of "education records." See, e.g., *Belanger v. Nashua School District*, 856 F. Supp. 40 (D.N.H 1994). Congressional history regarding the enactment of FERPA supports this view: "parents and students should have access to everything in institutional records *maintained for each student* in the *normal course of business* and used by the institution in making decisions that affect the life of the student." 120 Cong.Rec. at 39858-39859 (emphasis added).

Therefore, to the extent that your request encompasses access to education records, it is denied.

3.    *Access by Government Officials.* FERPA and state regulation permit disclosure of student/education records to authorized representatives of "the Comptroller General of the United States; the Attorney General of the United States; the U.S. Secretary of Education or state and local educational authorities for the purposes of audit compliance." 34 CFR 99.31(a)(3) and COMAR 13A.08.02.19. COMAR 13A.08.02.23 provides that access by such parties is limited to "audit and evaluation of federal or State-supported education programs, or in connection with the enforcement of or compliance with the federal legal requirements which relate to these programs."

Kindly clarify whether your request for inspection falls within the parameters of COMAR 13A.08.02.23. This is not a denial of your request.

---

[1]Note that the term employed by COMAR 13A.08.02.03C is "student records."

Michael E. Field, Esquire
Re:     Maryland Public Information Act Request
Page 3

In accordance with §10-623 of the Maryland Public Information Act, I am required to advise you that, if you are dissatisfied with my response to your request, you have the right to petition the Circuit Court of Baltimore County or if you do not live in Baltimore County, the Circuit Court of the county in which you reside.

Lastly, as BCPS has previously advised, the school system is more than willing to accede to inspection of these records with the use of unique student identifiers in order to protect student confidentiality under federal and state law.

Very truly yours,

Margaret-Ann F. Howie
Legal Counsel to the Superintendent

Enclosure (Superintendent's Rule 2373)

c:      Dr. Joe A. Hairston, Superintendent of Schools
        J. Robert Haines, Esquire, Deputy Superintendent, Business Services
        Dr. Christine M. Johns, Deputy Superintendent, Curriculum and Instruction
        Ms. Rita M. Fromm, Chief of Staff
        Frances Parker, Chief Auditor
        Dale Rauenzahn, Executive Director of Student Support Services
        John E. Beverungen, County Attorney